

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

May 14, 1948

Hon. Sidney J. Brown
County Attorney
Fort Bend County
Richmond, Texas

Opinion No. V-578.

Re: The obligation of the County to pay for lands purchased to provide materials to be used by the State Highway Department in constructing a highway under the submitted contract.

Dear Sir:

The facts which are the subject of your request may be briefly summarized as follows:

On June 18, 1945, the State Highway Commission and Fort Bend County entered into a contract relating to the construction of FM Highway No. 359 in Fort Bend County. By the terms of the contract, which you have enclosed, the County agreed to remove or abandon any encroachments on said road or right-of-way at the expense of the County, and to obtain at the County's expense any new or additional right-of-way upon request of the State on location to be approved by the State Highway Engineer. The State agreed to construct, reconstruct, and/or maintain the highway at the sole cost and expense of the State. While the highway was being constructed, the Resident Engineer of the Highway Department requested the County to obtain two tracts of land in order that the soil therefrom could be used in the construction of the highway. The County obtained both the tracts, one through negotiated purchase at a cost of $90.00, and the other by condemnation which resulted in considerable expense to the County.

Based upon these facts, you ask the following questions:

"(1) Under the contract, copy of which is enclosed, is the County obligated to furnish any material to be used by the Highway Commission in the construction of Highway FM No. 359?

"(2) If your answer to question No. (1) is in the negative, then is the County entitled to reimbursement by the State Highway Commission of the following costs expended by it in connection with the acquisition of the above mentioned materials, namely, soil to be used as binder; (a) the actual sums paid to the landowners for the materials; and (b) attorneys fees; and (c) court costs."

Under the terms of the contract, the County obligated itself, among other things, to obtain at its expense "any new or additional right-of-way upon request of the State on location to be approved by the State Highway Engineer should same be considered necessary or desirable to the proper maintenance, construction, or reconstruction of said road as a part of the State system." At the time these terms were agreed upon, Article 6674n, Vernon's Civil Statutes, was, and still is, in effect. That Article expressly empowers any Commissioners' Court to secure by purchase or condemnation right-of-ways for materials or borrow pits. The pertinent provisions are:

"Any Commissioners Court is hereby authorized to secure by purchase or by condemnation on behalf of the State of Texas, any new or wider right of way or land. . . or lands for material or borrow pits, to be used in the construction, reconstruction, or maintenance of the State highways and to pay for the same out of the County Road and Bridge Fund, or out of any special road funds or any available county funds. The State Highway Commission shall be charged with the duty of furnishing to the County Commissioners Court the plats or field notes of such right of way or land and the description of such materials as may be required, after which the Commissioners Court may, and is hereby authorized to purchase or condemn the same, with title to the State of Texas, in accordance with such field notes. . . Provided that if the County Commissioners Court of any county in which such right of way is,. . . shall fail or refuse to secure by purchase or condemnation for or on behalf of the State of Texas,

> such right of way. . . then and in such
> event and within ten (10) days after the
> service of such notice, said State High-
> way Commission shall direct the Attorney
> General of Texas to institute condemnation
> proceedings in the name of the State of
> Texas, for the purpose of securing such
> right of way. . ."

Undoubtedly, this statute was in the minds of the part-
ies executing the contract. It must be presumed that
the parties understood that in the event it became nec-
essary to acquire materials, such as contemplated in
this Article, such materials would be acquired by vir-
tue of the power granted in the said Article. At the
time the State requested the County to obtain the two
tracts of land for materials, the County could have re-
fused to acquire the land, thereby rendering it incum-
bent upon the State to condemn or purchase the land.
But the County did not refuse or fail to comply with
the request of the State. Instead, it exercised the
power granted by Article 6674n, and obtained both
tracts, one by purchase, and the other by condemnation.
Having acquired the land, the County was authorized to
pay for the same out of the "County Road and Bridge
Fund, or out of any special road funds or any avail-
able County funds." We find no provision requiring
the State to reimburse the County for expenditures thus
made.

It was the State's duty to construct the high-
way at its "sole cost and expense." Within this duty
certainly lay the obligation to bear the expense of ma-
terials used to build the highway, that is, materials
such as cement or asphalt, steel, forms, etc. All such
materials could be purchased outright in definite quan-
tities. But, as to furnishing materials which could be
obtained through the acquisition of a right-of-way under
Article 6674n, we believe the terms of the contract im-
posed that obligation upon the County.

In answer to your first question, it is our
conclusion that the County is obligated to furnish that
material which could be obtained through the acquisition
of a right-of-way under Article 6674n. It follows, there-
fore, that since the County was obligated to furnish the

materials inquired about, the County is not entitled to reimbursement for (a) the actual sums paid to the landowners for materials;(b) attorney's fees; and (c) Court costs.

## SUMMARY

Under the terms of a contract between Fort Bend County and the State of Texas, through the State Highway Department, whereby the County is to furnish "any new or additional right-of-way upon request of the State on location to be approved by the State Highway Engineer", and the State Highway Department is to construct, maintain, and operate the highway at its sole expense, the County is obligated to furnish materials which can be acquired by the acquisition of a right-of-way. Article 6674n, V. C. S.

The County is not entitled to reimbursement under Article 6674n for sums expended in condemnation proceedings in acquiring a right-of-way to be used for materials under the above-mentioned contract.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Charles E. Crenshaw
Charles E. Crenshaw
Assistant

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL.

CEC:jmc